IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01222–KMT

SAFI DARRELL DONA'T,

    Plaintiff,

v.

AMAZON.COM/KINDLE,
AMAZON BOOK, and
MONIQUE HALL, MBP PUBLICATIONS,

    Defendants.

# ORDER

Before the court is Plaintiff's "Amended Motion for Preliminary Injunction." (["Motion"], Doc. No. 16.) Defendants have not responded to Plaintiff's motion.[1]

*Pro se* Plaintiff Safi Darrell Dona't, an inmate in the custody of the Federal Bureau of Prisons, brings this copyright infringement lawsuit against Defendants Amazon.com/kindle, Amazon Book, and Monique Hall, MBP Publications. (["Complaint"], Doc. No. 10 at 1-4.) In his Amended Prisoner Complaint, Plaintiff alleges that Defendants infringed his copyright in the novel, "Penitentiary Gangsters," by publishing and distributing unauthorized copies of the work. (*Id.* at 4-5.) As relief, Plaintiff requests monetary damages. (*Id.* at 10.)

---

[1] Defendant Monique Hall, MBP Publications has not yet been served. (*See* Doc. No. 48.)

On June 24, 2019, Plaintiff filed the instant Motion, in which he asks for a preliminary injunction "for Amazon to stop selling, dispensing, and [] disseminating authors book 'Penitentiary Gangsters' and to stop paying authors royalties illegally to Monique Hall and M.B.P. Publications until after the disposition and outcome of this civil matter." (Mot. 3 [all sic in original].)

A preliminary injunction is an extraordinary remedy; accordingly, the movant's right to relief must be "clear and unequivocal." *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). A movant must show: (1) a likelihood of success on the merits; (2) a threat of irreparable harm, which outweighs any harm to the nonmovant; and (3) that the injunction would not adversely affect the public interest. *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

It is well-settled that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) ("*Dominion Video II*"). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* If the movant fails to meet his burden of establishing irreparable injury, the court "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game & Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017).

In this case, Plaintiff has failed to establish a likelihood of irreparable harm, *i.e.*, a significant risk that he will experience harm that cannot be compensated after the fact by money damages. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1156

(10th Cir. 2001) ("*Dominion Video I*") ("A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."). Indeed, purely economic loss "is usually insufficient to constitute irreparable harm," because economic losses can be readily compensated with monetary damages. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1158 (10th Cir. 2011).

In his Motion, Plaintiff alleges that, in the absence of injunctive relief, he will suffer the following harm:

> Because publisher altered contents (storyline) this may cause serious irreparable harm as these books are a continual series and are in direct relation to one another for the series to make sense. This would render all 4 following books totally useless or would need years of rewrites[.] It took [Plaintiff] 8 years to write all 5 manuscripts, thousands of pages by longhand and may not be able to connect readers now and future readers to this publication now released.

(Mot. 2 [all sic in original].) Such injuries, however, are readily compensable with monetary damages. *See Sunrise Home Health Care, LLC v. Erickson*, No. 2:11-CV-605 TS, 2011 WL 3240441, at *3 (D. Utah July 28, 2011) (finding that a plaintiff failed to show irreparable harm from alleged copyright infringement, because the damages complained of could "easily be compensated by money damages"); *see also MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, No. 19-704 (PAM/BRT), 2019 WL 2099843, at *4 (D. Minn. May 14, 2019) ("Defendants also maintain that MPAY's harm is lost customers, which is compensable with money damages and is therefore not irreparable harm."); *Alpha & Omega Fin. Servs., Inc. v. Kesler*, No. 18-4015-DDC-KGS, 2018 WL 5719992, at *4 (D. Kan. Nov. 1, 2018) (finding that a plaintiff failed to show irreparable harm from alleged copyright infringement, because the plaintiff did not provide any support for "its conclusory allegations of damage to its goodwill and business

3

reputation"). Further, the injuries that Plaintiff contends are irreparable are effectively the same injuries for which he seeks compensatory damages in his Amended Prisoner Complaint. *See Sampson v. Murray*, 415 U.S. 61, 90 (1970) ("[T]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm.").

On this record, then, Plaintiff has not demonstrated that he will suffer irreparable harm absent injunctive relief. For that reason, there is no need to address the remaining preliminary injunction factors. *N.M. Dep't of Game & Fish*, 854 F.3d at 1249.

Accordingly, it is

**ORDERED** that Plaintiff's "Amended Motion for Preliminary Injunction" (Doc. No. 16) is **DENIED**.

This 18th day of November, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge