**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-01222-RM-KMT

SAFI DARRELL DONA'T,

    Plaintiff,

v.

AMAZON.COM/KINDLE, AMAZON BOOK, and
MONIQUE HALL, MBP PUBLICATIONS

    Defendants.

---

**ORDER**

---

    This matter is before the Court on a motion for summary judgment by Defendant Amazon.com/Kindle, Amazon Book ("Amazon") (ECF No. 60), a motion for relief under Fed. R. Civ. P. 56(d) by Plaintiff (ECF No. 69), a recommendation to dismiss Defendant Monique Hall, MBP Publications ("Hall") by United States Magistrate Judge Kathleen M. Tafoya (ECF No. 85), and a motion for administrative closure by Plaintiff (ECF No. 92). Plaintiff has filed objections to the magistrate judge's recommendation and to two orders on nondispositive motions (ECF No. 96). For the reasons below, the Court grants summary judgment in favor of Defendant Amazon, overrules Plaintiff's objections, accepts and adopts the recommendation, and denies both of Plaintiff's motions.

**I.    BACKGROUND**

    According to the complaint, Plaintiff, a federal prisoner, wrote and copyrighted a book manuscript and then sent it to Hall and other publishers in 2008. Hall's publishing company

agreed to publish the book but neglected to do so for years, while also ignoring his requests to return the manuscript. In 2017, Plaintiff learned the book was being sold on Amazon's website as an e-book. Plaintiff alleges he has received no royalties or other compensation for the book and that Hall has ignored his letters attempting to negotiate the matter and a cease-and-desist letter.

Plaintiff filed this copyright infringement action against Hall and Amazon in April 2019, alleging that his book was being sold and distributed without his consent. He seeks $100,000 from each Defendant "and all profits and royalties, actual damages, court fees, attorney fees, (if attorney is granted by court) and statutory damages." (ECF No. 10 at 4.) He also states that he would "be more than willing to arbitrate with all defendants to peacefully resolve this issue." (*Id.*) Plaintiff alleges that Amazon does not have a system in place to verify copyright owners' consent to sales, but also states in his complaint that he does not believe Amazon willfully acted to infringe. (*Id.* at 4-5.) He further alleges that Defendants changed the name of his book without his consent and may have changed its contents. (*Id.* at 5.)

## II. DISCUSSION

### A. Motion for Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). "The mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

Under the safe harbor provision of the Digital Millennium Copyright Act of 1988 ("DMCA"), a service provider such as Amazon may not be held liable for copyright infringement if it (1) does not have actual or apparent knowledge that the material is infringing, and (2) upon obtaining such knowledge, acts expeditiously to remove, or disable access to, the material. *See* 17 U.S.C. § 512(c). Amazon argues it is entitled to summary judgment because Plaintiff failed to provide it with any notice of infringement and because it removed the relevant listings two days after it was served a copy of the complaint, in September 2019, which is when it first because aware of the alleged infringement. Amazon also argues that third-party publishers such as Hall's company are contractually obligated to obtain any and all necessary clearances and licenses for anything they publish via Amazon's website. However, the Court need not address this latter argument because Amazon's lack of liability turns on the absence of any admissible evidence that Amazon ever received notice of infringement before Plaintiff filed this lawsuit.

In his objection to Amazon's motion for summary judgment, Plaintiff contends for the first time that he "wrote Amazon two letters in early May of 2019 informing them of the infringing material and copyright" and, in support of this contention, states that he "intend[s] to show through discovery, from the prison legal logs, that record all outgoing legal mail, that [he]

3

mailed two letters to Amazon informing them of the infringement, and that there was a 'willful blindness' to delay removal for 4 1/2 months until complaint was filed." (ECF No. 65 at 2-3.) Plaintiff also contends that there is a genuine issue of material fact as to whether he granted a license to Defendants to use his copyrighted material. That contention is contrary to the allegations in the complaint, where Plaintiff alleged that he did not believe Amazon acted willfully, but even assuming no such license was ever granted by Plaintiff, the absence of any evidence in the record to support his belated contention that he notified Amazon about the alleged infringement in May 2019 is fatal to his claim.

Amazon has adduced evidence in the form of a declaration by one of its managers that it searched its records and "did not find any notices of infringement related to Plaintiff's work." (ECF No. 61 at 4.) Meanwhile, Plaintiff has adduced no evidence to support his contention that Amazon was aware of the alleged infringement before September 2019. Plaintiff's unsupported contention that he sent two letters to Amazon in May 2019 is insufficient to raise a genuine issue as to whether Amazon received notice of the alleged infringement before this lawsuit was filed. Even if he could produce evidence of having sent the letters, he has also failed to adduce any evidence that they provided adequate notice under the requirements of the DMCA. In the absence of evidence to support Plaintiff's contention that he notified Amazon about the alleged infringement sooner, there is no genuine issue as to whether Amazon received notice of the alleged infringement before he filed this lawsuit.

The DMCA's safe harbor will be denied to a service provider that (1) "has the right and ability to control" infringing activity and (2) received "a financial benefit directly attributable to the infringing activity." 17 U.S.C. § 512(c)(1)(B); *see also Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("A defendant is vicariously liable for copyright infringement if he enjoys a

4

direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity." (quotation omitted)). Plaintiff argues that Amazon cannot rely on the DMCA's safe harbor provision because it receives a direct financial benefit from its infringing activity, but he has not pointed to any evidence that Amazon has the right and ability to control the allegedly infringing activity. "[I]n order to have the right and ability to control, the service provider must exert substantial influence on the activities of users." *UMG Recordings, Inc., v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1030 (9th Cir. 2013) (quotation omitted). Substantial evidence may include high levels of control over activities of users or purposeful conduct. *See id.* Plaintiff has pointed to evidence of neither. Nor has he identified any act or decision by Amazon that led to the alleged infringement. *See BWP Media USA, Inc. v. Clarity Digital Grp.*, LLC, 820 F.3d 1175, 1181 (10th Cir. 2016).

Finally, Plaintiff also contends that he has yet to receive any notice of takedown except in Amazon's answer to his complaint in this case. But he cites no authority for the proposition that such notice is required, or that the lack of such notice would preclude Amazon from the DMCA's safe harbor.

Therefore, Amazon is entitled to summary judgment on Plaintiff's claim.

**B.     Rule 56(d) Motion**

In a last-ditch attempt to support his contention that he sent two letters to Amazon in May 2019, Plaintiff filed a motion for relief pursuant to Fed. R. Civ. P. 56(d). That rule provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or take discovery; or
>     (3) issue any other appropriate relief.

However, the Court finds that the rule does not provide a basis for denying Amazon's motion for summary judgment. As discussed above, even if Plaintiff could show that the letters were sent, he has adduced no evidence as to their content or whether Amazon received them. Moreover, Plaintiff offers no explanation for why he has no receipt or record of the "two certified mail receipt letters" he asserts Amazon received. (ECF No. 69 at 2.) Therefore, the Court denies Plaintiff's request for relief pursuant to Fed. R. Civ. P. 56(d).

In the alternative, Plaintiff asks that the Court order a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Such reports may be prepared by prison officials for courts when prison officials are sued by inmates. *See, e.g.*, *Hayes v. Marriott*, 70 F.3d 1144, 1145 (10th Cir. 1995). Notwithstanding the lack of precedent for ordering such a report in a copyright case such as this one at the summary judgment stage, Plaintiff has not shown that ordering one here is "necessary for the orderly consideration of the issues." *Martinez*, 570 F.2d at 319. Accordingly, the Court denies this request.

**C.     Recommendation to Dismiss**

In March 2020, the magistrate judge issued an order to show cause why the claim against Hall, who had not yet been served, should not be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) (setting forth a ninety-day deadline for service once the complaint is filed). The order to show cause outlined the various attempts made by the United States Marshal Service to carry out service at two different addresses provided by Plaintiff and reminded Plaintiff that, even though he was granted leave to proceed in forma pauperis, service was ultimately his responsibility. (ECF No. 73 at 2.) In the recommendation, the magistrate judge determined that Plaintiff had still failed to serve Hall or provide sufficient contact information for the United

6

States Marshal Service to do so and that he had not shown good cause to extend the deadline further.  In his objections to the recommendation, Plaintiff states that "if [he] cannot serve Monique Hall within the next 90 days, [he] will indeed find it futile to continue [his] attempts to serve Defendant Monique Hall and capitulate to a dismissal without prejudice as to that Defendant (Monique Hall)." (ECF No. 96 at 7.)  More than ninety days have passed since Plaintiff filed his objection, and Hall has still not been served.  Accordingly, the Court accepts the recommendation to dismiss without prejudice the claims against Hall.

### D.     Motion to Administratively Close the Case

Based on the preceding determinations of this Court, Plaintiff's motion requesting administrative closure of his case (ECF No. 92) is now moot.

### E.     Objections on Nondispositive Matters

In his objections to the magistrate judge's recommendation, Plaintiff also objects to the magistrate judge's rulings on two nondispositive motions—a Motion for Court to Grant Plaintiff a Private Process Server to Serve Process on Monique Hall (ECF No. 75) and a Motion for Appointment of Counsel (ECF No. 76).

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997).  The Court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

With respect to both of the motions at issue here, the magistrate judge had discretion to grant the relief requested.  The reasons stated in the order are sound, and Plaintiff has not shown any reason why the Court should have a definite and firm conviction that any mistake was made.

Nor does Plaintiff provide any basis for concluding that the orders are clearly erroneous or contrary to law. Accordingly, the Court overrules Plaintiff's objections.

### III. CONCLUSION

For the reasons above, the Court (1) GRANTS Amazon's motion for summary judgment (ECF No. 60), (2) DENIES Plaintiff's motion for relief under Fed. R. Civ. P. 56(d) (ECF No. 69), OVERRULES Plaintiff's objections (ECF No. 96), ACCEPTS and ADOPTS the magistrate judge's recommendation to dismiss without prejudice the claims against Hall (ECF No. 85), and DENIES AS MOOT Plaintiff's motion for administrative closure. The Clerk is directed to ENTER JUDGMENT in Amazon's favor and CLOSE this case.

DATED this 31st day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge